MUNROE et al. v. TRENTON OIL CLOTH & LINOLEUM CO.

(Circuit Court of Appeals, Second Circuit. June 20, 1913.)

No. 153.

**1. SALES (§ 89*)—CONTRACT—MODIFICATION.**

Certain letters passing between buyer and seller, in which the buyer requested for its accommodation that the seller would increase the quantities of cork waste contracted for under a modified contract, and in which the seller expressed its willingness to comply so far as possible therewith, did not constitute an enforceable modification or amendment of the contract, which bound the seller to furnish the increased deliveries.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 251, 252, 259; Dec. Dig. § 89.*]

**2. SALES (§ 98*)—CONTRACTS—BREACH—SHORT DELIVERIES.**

Where a contract for the sale of cork waste required certain specified monthly deliveries, but the buyer accepted short deliveries without objection prior to September 2, 1909, and paid for cork previously delivered, but on that date defendant withheld payment for shipments then due, insisting on deliveries greater than the contracts required, and demanding a bond to secure future deliveries, such conduct amounted to a repudiation of the contract, and the sellers were justified in refusing to make further deliveries, and could recover the value of the cork delivered.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 263; Dec. Dig. § 98;* Contracts, Cent. Dig. § 1178.]

In Error to the District Court of the United States for the Southern District of New York.

Action by Henry W. Munroe and others against the Trenton Oil Cloth & Linoleum Company. Judgment for defendant, and plaintiffs bring error. Reversed.

Writ of error to review a judgment of the District Court, Southern District of New York.

The action was brought by the plaintiffs as assignees of the Waeber & Lee Company to recover the agreed price of four shipments of imported cork waste alleged to have been sold and delivered by said company to the defendant. The defendant did not question the delivery and acceptance of the merchandise but averred by way of recoupment and set-off that it had been delivered only as a part of a large quantity which the Waeber & Lee Company had contracted, but had failed, to deliver, and the defendant claimed damages on account of such non-delivery in excess of the plaintiffs' demand.

The trial judge directed a verdict in favor of the defendant and the plaintiffs bring this writ of error.

The facts were not disputed.

Stroock & Stroock, of New York City (S. M. Stroock, Charles Levy, and E. F. Spitz, all of New York City, of counsel), for plaintiffs in error.

R. L. Tarbox, of New York City, for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). [1] The first contract between the parties called for the delivery of 150 tons monthly. The second contract, as interpreted by them, called

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the delivery of 83 tons monthly. Thus for the period before the contentions arose deliveries of 233 tons per month were required by the contracts as originally made. The defendant claims, however, that the contracts were modified by the parties so as to require the delivery of 325 tons monthly. This contention is based upon three letters which passed between the parties. But in our opinion these letters should be interpreted as requests for accommodation on the one side and an expression of willingness to comply therewith so far as possible on the other. In view of the situation we think that they fell short of constituting a permanent modification or amendment of the contracts which bound the plaintiffs' assignors to make, and gave the defendant the right to require, increased deliveries.

[2] The contracts, then, standing without modification the defendant was, in our opinion, guilty of the first actionable breach by failing to pay for the shipment due September 2, 1909. It is true that short deliveries had been made before that time but they had been accepted without objection and payment had been made for all amounts falling due. Besides the defendant shortly before this time had itself requested the plaintiffs' assignors to curtail a shipment. The defendant thus waived any right to complain of the short deliveries, and its position taken after September 2d would undoubtedly have justified the plaintiffs' assignors in declining to make further shipments. But they were not bound to stop then and were entitled to payment for deliveries made afterwards. The defendant's subsequent position in wrongfully insisting upon 325 tons a month, in continuing to withhold payments and in demanding a bond amounted to a repudiation of the contract which we think justified the Waeber & Lee Company in declining to carry it out further on its part. It was not itself in default, and the acts of the defendant amounted to an absolute refusal to perform.

It follows, for these reasons, that the plaintiffs were entitled to recover for the merchandise delivered and not paid for, and that the defendant failed to establish any claim for damages as an offset thereto. Consequently there was error in directing a verdict for the defendant instead of for the plaintiff for the purchase price of the unpaid deliveries less the conceded allowances.

The judgment of the District Court is reversed.